BILL LOCKYER Attorney General ANTHONY M. SUMMERS Deputy Attorney General
THE HONORABLE PHILLIP S. CRONIN, COUNTY COUNSEL, COUNTY OF FRESNO, has requested an opinion on the following question:
Is the County of Fresno the only unit of local government within the county that qualifies for an automatic designation as a "local area" for purposes of the federal Workforce Investment Act?
 CONCLUSION
The County of Fresno is the only unit of local government within the county that qualifies for an automatic designation as a "local area" for purposes of the federal Workforce Investment Act.
 ANALYSIS
Congress recently enacted the Workforce Investment Act of 1998 (29 U.S.C. § 2801-2945; "Act")[1] to replace the Job Training Partnership Act of 1982. Under the former law, the County of Fresno ("County") and the City of Fresno ("City") were jointly designated as a "service delivery area" for purposes of carrying out employment training and workforce development programs under a joint powers agreement.
The Act has replaced "service delivery areas" with "local workforce investment areas." In each local area, a workforce investment board will set workforce investment policies and carry out various provisions of the Act. (§ 2832.) The designation of "local areas" is to be made by the Governors of each state. Section 2831 provides:
"(a) Designation of areas
"(1) In general
"(A) Process
 "Except as provided in subsection (b) of this section, and consistent with paragraphs (2), (3), and (4), in order for a State to receive an allotment under section 2852 or 2862 of this title, the Governor of the State shall designate local workforce investment areas within the State — . . . .
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(2) Automatic designation
 "The Governor shall approve any request for designation as a local area —
 "(A) from any unit of general local government with a population of 500,000 or more;
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(3) Temporary and subsequent designation
"(A) Criteria
 "Notwithstanding paragraph (2)(A), the Governor shall approve any request, made not later than the date of submission of the initial State plan under this subchapter, for temporary designation as a local area from any unit of general local government (including a combination of such units) with a population of 200,000 or more that was a service delivery area under the Job Training Partnership Act (29 U.S.C. § 1501 et seq.) on the day before August 7, 1998, if the Governor determines that the area —
 "(i) performed successfully, in each of the last 2 years prior to the request for which data are available, in the delivery of services to participants under part A of title II and title III of the Job Training Partnership Act ( 29 U.S.C. § 1601 et seq., 1651 et seq.) (as in effect on such day); and
 "(ii) has sustained the fiscal integrity of the funds used by the area to carry out activities under such part and title.
"(B) Duration and subsequent designation
 "A temporary designation under this paragraph shall be for a period of not more than 2 years, after which the designation shall be extended until the end of the period covered by the State plan if the Governor determines that, during the temporary designation period, the area substantially met (as defined by the State board) the local performance measures for the local area and sustained the fiscal integrity of the funds used by the area to carry out activities under this subchapter.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
The question presented for resolution concerns whether the County is the only unit of general local government in the County that qualifies for an automatic designation as a "local area" under the terms of section 2831 (a)(2). First, is the County a "unit of general local government"? The Act defines such term in section 2801 (48):
 "The term `unit of general local government' means any general purpose political subdivision of a State that has the power to levy taxes and spend funds, as well as general corporate and police powers."
The County is a political subdivision of the state. (Cal. Const., art. XI, § 1, subd. (a); Gov. Code, § 23000.) It has authority to "make and enforce within its limits all local, police, sanitary and other ordinances not in conflict with general laws." (Cal. Const., art. XI, § 7.) It may spend funds and levy taxes. (Gov. Code, §23004.) In short, the County is a "unit of general local government" as that term has been defined for purposes of the Act.
The more difficult question is whether the County has "a population of 500,000 or more" as required by section 2831 (a)(2) for an automatic designation. According to the most recent census figures, the County has a population of approximately 800,000, of whom 415,000 reside in the City. The City would also qualify as a "unit of general local government" for purposes of the Act. (See Cal. Const., art. XI, §§ 5, 7; Weber v. City Council (1972) 9 Cal.3d 950, 957; Curtis v. Board of Supervisors (1972) 7 Cal.3d 942, 951.) However, due to its lack of sufficient population, it could not qualify for an automatic designation. May the population of the City count as part of the population of the County for purposes of section 2831? We believe that it may in these circumstances.
The City's residents have not been counted and cannot be counted by any single unit of general local government other than the County under the terms of section 2831 (a)(2). Each City resident is undeniably also a resident of the County. No provision of state or federal law precludes counting City residents as County residents for purposes of section 2831 (a)(2). We have examined in detail the legislative history of the federal law and have found no impediment to treating City residents as County residents so as to qualify the County for an automatic designation. Indeed, the goals of the federal law would appear to be served by allowing the County to qualify for an automatic designation in the present situation.[2]
In reaching this determination, we apply well recognized principles of statutory construction. "The words of the statute are the starting point." (Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977.) "Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citation.]" (Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735.) We are to "consider the consequences that would follow from a particular construction" since "a practical construction is preferred." (California Correctional Peace Officers Assn. v. State Personnel Bd. (1995)10 Cal.4th 1133, 1147.)
We conclude that the County is the only unit of local government within the County that qualifies for an automatic designation as a "local area" for purposes of the Act.
[1] All references herewith to title 29 of the United States Code are by section number only.
[2] Since the City and County were jointly designated as a service delivery area under the former federal law, they could qualify for a temporary designation of up to two years and thereafter have the designation extended if they jointly seek such designation and are found to meet the other qualifying criteria relating to their performance as a service delivery area. (§ 2831 (a)(3).) The City and County could not qualify for an automatic designation under a joint application because the automatic designation provision (§ 2831 (a)(2)) does not contain a similar provision to the "including a combination of such units" (§ 2831 (a)(3)) authorizing a joint application for a temporary designation. When a legislative body "`has employed a term or phrase in one place and excluded it in another, it should not be implied where excluded.' [Citations.]" (Pasadena Police Officers Assn. v. City of Pasadena (1990) 51 Cal.3d 564, 576.) The legislative history of section 2831's enactment confirms this basic rule of statutory interpretation. (See H.R. Rep. No. 105-659, 2d Sess., pp. 329-330 (1998).)